In the Matter of WOODLANDS IN-VESTMENT ASSOCIATES, Debtor.

In the Matter of Michael B. MEAD, Debtor.

LORANCE CONTRACTING COMPANY, INC., and Doherty Ornamental Iron, Inc., Plaintiffs,

v.

Michael B. MEAD, Woodlands Investment Associates, Ltd., and First Continental Bank and Trust Company, and Paul E. Berman, trustee, Defendants.

Bankruptcy Nos.
87–04018–3–11, 88–01353–3.
Adv. No. 88–0518–3.

United States Bankruptcy Court,
W.D. Missouri, W.D.

Dec. 21, 1988.

Richard W. Hird, Smithyman & Zakoura, Overland Park, Kan., for plaintiffs.

Robert M. Modeer, Hoskins, King, McGannon & Hahn, Kansas City, Mo., for Mead and Woodlands.

Thomas M. Franklin, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., for First Continental Bank & Trust Co.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT CONDITIONALLY DENYING COMPLAINT OBJECTING TO DISCHARGE

DENNIS J. STEWART, Chief Judge.

Plaintiffs seek the denial of the debtor Michael B. Mead's discharge in bankruptcy on several grounds, including chiefly concealment of assets and failure to schedule

assets. See §§ 727(a)(3) and (a)(4)(A) of the Bankruptcy Code. The action came on before the court for hearing of its merits on September 16, 1988. The plaintiffs then appeared by counsel, Richard Hurd, Esquire, and Joanne Stultz, Esquire, and the defendant appeared personally and by counsel, Robert Modeer, Esquire. The evidence which was adduced warrants the following findings of fact.

### Findings of Fact

The defendant received a baccalaureate degree in history and economics in 1953; is a longtime businessman; as a director of the Centerre Bank; is president, treasurer and member of the Board of Directors of Mead & Sons, Inc.; and has served as Police Commissioner for 2 years. He failed to schedule certain assets in his petition for voluntary bankruptcy, including the following:

(1) an Individual Retirement Account having a balance of $14,790.61;

(2) a credit union account having a balance of $3,971.00;

(3) a profit sharing account having a balance of $172,511.21;

(4) several life insurance policies owned by him having a cash value approaching $30,000;

(5) checking and savings accounts having a balance of some $5,024.00;

(6) household goods and furnishings worth approximately $50,000.00

The defendant also, according to the evidence which was adduced in the hearing of September 13, 1988, mentioned that he had failed to mention these matters because he had simply forgotten them.

The facts which have thus been demonstrated by the evidence to exist bring into question whether the debtor's discharge should be denied for making a false oath or account in connection with these bankruptcy proceedings within the meaning of § 727(a)(4) of the Bankruptcy Code and concealment or transfer of assets within the meaning of § 727(a)(2). There can be little question, on the basis of the facts found above, that the schedules executed and filed by the debtor were false, and

materially so. They omitted to mention a very great amount of property which should have been scheduled as property of the estate. The cumulative value of the property omitted from the schedules is in fact so substantial that it exceeds the amounts which the courts have repeatedly held must be accounted for if a discharge is to be granted. On the other hand, the debtor has now disclosed the existence of the items which he omitted from the schedules. Further, he states that all the omissions were unintentional. His testimony in this respect is of critical significance, for, in order to warrant the denial of discharge under § 727(a)(2) or (4), *supra*, the omissions from the schedules must not only be material; they must also have been intentional. And there are some circumstances which appear to support the debtor's disclaimers of intention: some of the property omitted was of a type which does not easily come to mind when one initially surveys his or her readily disposable property; and the debtor, further, was, at the time of filing, possessed of an unusually wide range of property, much of which was in fact disclosed in the schedules.

Yet, the quantum of the property is large, and virtually all of it, it appears, subject to some qualification, should be brought into the bankruptcy estate. This court had held on prior occasion that, when the evidence on intentional failure to schedule property is inconclusive, the court may test the debtor's good faith by making the grant of a discharge dependent upon turnover of the property to the estate. See, e.g., *Matter of Yackley*, 37 B.R. 253, 257 (W.D.Mo.1983) ("[T]his court hopes to effect the substance of justice, as opposed to its form, by requiring, as a precondition of discharge," the turnover of property which constituted the subject matter of the complaint for denial of discharge.) In this regard, the court is aware that the defendant has, in briefs which his counsel have filed on the issue of grant or denial of discharge, contended that certain of the property not scheduled cannot be property of the estate, either by reason of its being entirety property or exempt property, or property which

may have been transferred to another entity at a time prior to the filing of these bankruptcy proceedings. But it is insufficient to keep property out of a bankruptcy estate simply to classify it as property held by the debtor and his spouse by the entirety. See *In re Townsend,* 72 B.R. 960 (W.D. Mo.1987), overruling in this respect the prior decision of this court in *Matter of Anderson,* 12 B.R. 483 (W.D.Mo.1981). And more of the property which supplies the predicate for the within objection to discharge has yet been shown to be claimable as exempt property. If so, the defendant can, in response to this order, demonstrate his good faith by, *inter alia,* demonstrating in writing which portions of which property must be set off as exempt and supplying the legal authority therefor and showing that the value, including that of previously-claimed exemptions, does not exceed the statutorily imposed maximums.

Further, with respect to the alleged transfer of property to Kirk Bond within the year next preceding bankruptcy, the alleged transfers of money to the debtor's wife, and the alleged prebankruptcy resistance to creditors' attempts to ascertain the existence and location of the debtor's assets, the debtor must present the trustee in bankruptcy with sufficient information to bring actions to recover these transfers or else to decline to bring such actions and the trustee must so notify the court within 30 days.

If the debtor does not perform the conditions which are imposed by this order, which conditions are designed to ensure that the bankruptcy estate receives all that it is entitled to receive under the laws of bankruptcy and that the trustee receives all material information on the existence and location of debtor's assets, including those held in entirety with his wife, the court must necessarily consider anew the issue of denial of discharge. The potential magnitude of property which should be in the bankruptcy estate is too great to permit any other result. But it is the recognized office and power of the bankruptcy court to grant discharge even when a ground for denial of discharge exists.

*Matter of Borron,* 29 B.R. 122 (W.D.Mo. 1983) ("It is commonly said that even when grounds for the denial of discharge exist, it is still within the discretion of the bankruptcy court as to whether discharge should actually be denied."), followed in *In re Suttles,* 819 F.2d 764, 766 (7th Cir.1987). In balancing the considerations attendant in this case and thereby attempting to effect a result whereby the goals of bankruptcy are achieved both with respect to the debtor and his creditors, the court will issue its decree in accordance with the foregoing equitable considerations. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiffs' objection to the discharge of the defendant Michael B. Mead be, and it is hereby, denied on condition that, within 30 days of the date of entry of this order or in such additional time as the court may grant for good cause demonstrated in writing within the same 30 days, the defendant Michael B. Mead (1) turn over to the trustee in bankruptcy all of the articles which form the predicate for the within complaint objecting to discharge and certify in a writing filed with the court that such property has been turned over, or else claim an exemption in the form and manner above described and (2) provide the trustee with all information concerning transferred property so that he is able to determine whether to pursue actions to recover such property and file a written statement of the trustee that he has been satisfactorily apprised of the existence and location of the debtors' assets.